# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DORY MICHAEL EPPS,
          *Defendant-Appellant.*

No. 03-4234

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-02-85)

Submitted: August 29, 2003

Decided: September 26, 2003

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael C. Moore, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dory Michael Epps appeals his conviction and sentence following a jury trial for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). He was sentenced for this and other crimes to a total of 438 months' imprisonment, five years of supervised release, and a $500 special assessment. After both parties filed formal briefs, Epps filed a subsequent motion to file a pro se supplemental brief. We grant this motion. However, finding no error, we affirm.

Epps first argues that the district court erred by allowing expert testimony regarding narcotics trafficking generally and the relation of firearms thereto. We review the admission of expert testimony for abuse of discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997); *United States v. Powers*, 59 F.3d 1460, 1470-71 (4th Cir. 1995). An expert's testimony is admissible if it "rests on a reliable foundation and is relevant," *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (internal quotation marks and citations omitted), and falls outside the common knowledge of the jury. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993); *United States v. Dorsey*, 45 F.3d 809, 814-15 (4th Cir. 1995); Fed. R. Evid. 702.

Here, we find that the expert's extensive training and experience provided a reliable basis for his testimony. Moreover, we have repeatedly upheld the admission of expert testimony from law enforcement officers, especially about the methods of drug dealers. *See United States v. Hopkins*, 310 F.3d 145, 151 (4th Cir. 2002); *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994). One of the issues before the jury in this case was whether Epps's possession of the firearm was intended to further a drug trafficking crime. Thus, the expert's testimony regarding the use of firearms in relation to drug trafficking was certainly relevant. Moreover, contrary to Epps's contention, we find that it aided the jury in an area outside of their common knowledge by dispelling potential misconceptions they might have about the role of firearms in narcotics trafficking, as well as informing them with specificity how a particular type of weapon and

holster would aid a drug trafficker in the protection of his person, narcotics, and profits.

We further find that Epps's argument that the expert's testimony served to supplant the jury's exercise of common sense is baseless. Here, the expert did not make any conclusive statements regarding a fact in issue. Instead, he merely testified to common practices employed in drug trafficking generally and with regard to firearms.

Epps also argues that there is insufficient evidence to support his conviction under § 924(c) in October or November 2001. We disagree. In determining whether sufficient evidence supports a conviction, the appropriate inquiry is whether, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). We "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The jury verdict must be upheld if there is substantial evidence to support the verdict. *See id.*; *see also United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence faces a heavy burden. *See United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

First, Epps's contention that the trade of the firearm must have occurred simultaneously with a drug transaction simply lacks legal support. In fact, we have held to the contrary in a case analogous to this one. *See United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997) (case prior to amendment of § 924(c) holding that defendant's conviction for using or carrying firearm in relation to drug trafficking crime did not depend on previous or contemporaneous conviction of drug trafficking crime, as long as all elements of that offense proved beyond reasonable doubt).

Second, we reject Epps's contention that the evidence failed to show that the gun "furthered" a drug trafficking crime. The evidence

showed that Epps accepted a gun from a drug customer in exchange for payment of a drug debt owed to Epps and as credit for further drugs, which Epps later supplied. The Supreme Court has held that in cases involving the barter of guns for drugs, the gun plays an even more integral part in the drug offense than in the typical case where the firearm is used to protect or intimidate. *See Smith v. United States*, 508 U.S. 223, 238 (1993). Accordingly, this contention lacks merit.

We also reject Epps's contention that the Government failed to prove the existence of an underlying drug trafficking crime. The record clearly reveals that Epps regularly distributed cocaine and that he in fact supplied cocaine to a customer in exchange for a firearm.

In his supplemental brief, Epps raises several claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, because he raises these claims for the first time on appeal and fails to demonstrate exceptional circumstances, we have reviewed them only for plain error, and have found none. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).

We therefore find that the district court did not abuse its discretion by allowing expert testimony regarding firearms and narcotics trafficking, and we find that sufficient evidence supports Epps's conviction under § 924(c) for possession of a firearm in furtherance of a drug trafficking crime. Accordingly, we affirm Epps's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*